**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23733-ALTMAN**

**PAUL AKEO, and**
**CHRISTY AKEO**

     **Plaintiffs,**

**v.**

**PALACE RESORTS, LLC,** *et al.*,

     **Defendants.**

_____/

**MOTION TO CONTINUE DEADLINE**
**TO FILE JOINT SCHEDULING REPORT**

Defendants,[1] through undersigned counsel and pursuant to Federal Rule of Civil Procedure 6 and Local Rule 7.1, hereby requests a two-week extension of the August 28, 2025, deadline for the parties to prepare and send to the Court a joint scheduling report, as required by Local Rule 16.1.[2]

This extension is warranted given that this case is in its infancy and Defendants' counsel needs additional time to confer with its clients to prepare the Rule 16.1 report.  Further, due to imminent jurisdictional challenges, pending arbitration proceedings, and the recent addition of

---

[1]  Palace Elite Resorts S.A. de C.V., PR Global Reservations, LLC, José Gibrán Chapur Dájer, CHDB Holding, S.A. de C.V., Controladora IHC, S.A.P.I. de C.V., and Operadora Palace Resorts JA LTD join in the instant motion.  In compliance with this Court's order, undersigned counsel will file Notices of Appearance within 21 days of service of process.  ECF No. 10.

[2]  Service of process has not been perfected on any Defendant as of the filing of this motion.  The Parties are discussing waiver of service of process, while preserving all challenges to personal jurisdiction, venue, and other defenses.  Further, Defendants expressly reserve all defenses and objections to the Amended Complaint, including but not limited to defenses based on lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted.

parties to this case, the extension will allow for consideration of an orderly process for resolving these threshold issues and provide the parties additional time to develop a meaningful scheduling proposal for the Court's consideration.  The procedural history and anticipated motions in this case support Defendants' request, as detailed below.

1.      On August 7, 2025, Palace Elite Resorts S.A. de C.V., PR Global Reservations, LLC, CHDB Holding, S.A. de C.V., Controladora IHC, S.A.P.I. de C.V., and José Gibrán Chapur Dájer filed a Request for Arbitration against Plaintiffs before the ICC.  This arbitration was commenced before Plaintiffs filed the instant case and remains pending.

2.      On August 13, 2025, Defendant Palace Elite filed an Application for the Appointment of an Emergency Arbitrator and Orders for Emergency Measures against Plaintiffs, the arbitration equivalent of an emergency injunction.  The Emergency Arbitrator heard argument on the emergency application on August 26, 2025, and he will issue his decision on the emergency injunctive relief on or before August 30, 2025.

3.      In response to the ongoing arbitration, on August 15, 2025, Plaintiffs filed the instant action in Miami-Dade Circuit Court.  ECF No. 1 at Ex. A.  Simultaneously, Plaintiffs filed a request for a temporary restraining order and preliminary injunction to prevent Defendants from continuing to pursue the ICC arbitration.  ECF No. 1. at Ex. A.  On August 18, 2025, the Miami-Dade Circuit Court denied Plaintiffs' request for a temporary restraining order and preliminary injunction.  ECF No. 1 at Ex. A.  On the same day, Plaintiffs filed a renewed motion for temporary restraining order and preliminary injunction.  ECF No. 1 at Ex. A.

4.      On August 18, 2025, Defendants timely removed the action to this Court.  ECF No. 1.

5.      On August 20, 2025, Plaintiffs re-filed their request for a temporary restraining order and preliminary injunction before this Court, requesting the Court issue same-day emergency relief.  ECF No. 4.  The Court denied the Plaintiffs' request for emergency relief.  ECF No. 7.  Instead, the Court directed the Defendants to file their opposition on or before September 3, 2025.  ECF No. 7.

6.      On August 21, 2025, this Court issued an order directing the Parties to file a joint scheduling report, as required by Local Rule 16.1, by August 28, 2025.  ECF No. 10.

7.      On the same day, Plaintiffs filed their First Amended Complaint, dismissing some of the defendants named in the Miami-Dade complaint and adding CHDB Holding, S.A. de C.V., Controladora IHC, S.A.P.I. de C.V.  ECF Nos. 11, 13.

8.      Proof of service of process has not yet been filed for any Defendant.

9.      On August 27, 2025, counsel for the Plaintiffs and Defendants met to discuss scheduling in this case, including anticipated forthcoming motions, as required by the Court's August 21, 2025, order.  During this discussion, Plaintiffs' counsel represented that he intends to file a motion to remand the case to state court for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447, by this Friday, August 29, 2025.  As discussed above, Defendants anticipate moving to compel Plaintiffs to participate in the previously commenced ICC arbitration and to dismiss the instant case.  Further, Defendants anticipate moving to dismiss for failure to state a claim and for lack of personal jurisdiction.

10.     Given the procedural complexity of the case and the multiple anticipated motions described above, Defendants believe additional time to meet and confer will assist in recommending a more meaningful schedule to the Court.  Further conferral between the parties will be required to determine whether they can reach agreement on a proposed schedule for the

3

Court's consideration.   Additionally, Defendants require time to consult with their clients regarding these matters.  The brief extension will also allow newly added parties to enter the case. For these reasons, Defendants respectfully request a brief continuance of the joint scheduling report deadline.

11.   This motion is filed in good faith and will not cause undue delay.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court extend the joint scheduling report deadline to September 11, 2025, or a later date should the Court deem that appropriate in light of the forthcoming motions that may obviate the need for a Local Rule 16.1 scheduling report.

### Local Rule 7.1(a)(3) Certification

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), prior to filing this Motion I conferred with counsel for Plaintiffs to resolve the issues presented herein.  Plaintiffs' counsel opposes the relief sought herein.

DATED:  August 27, 2025              Respectfully submitted,


QUINN EMANUEL URQUHART & SULLIVAN LLP

By   */s/ David M. Orta*
    David M. Orta (Florida Bar Number 35750)
    Jason Sternberg (Florida Bar Number 72887)
    2601 S. Bayshore Drive
    Miami, Florida 33133
    305-402-4880
    davidorta@quinnemanuel.com
    jasonsternberg@quinnemanuel.com


*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 27th day of August, 2025, a true and correct copy of the foregoing document was electronically transmitted to all counsel of record via the CM/ECF system.

By: */s/ David M. Orta*
David M. Orta
Fla. Bar No. 35750
davidorta@quinnemanuel.com