UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

PAUL AKEO and CHRISTY AKEO,

        Plaintiffs,

v.

PALACE ELITE RESORTS S.A. de C.V., a
Mexican corporation; PR GLOBAL
RESERVATIONS, LLC, a Florida limited
liability company; JOSÉ GIBRÁN CHAPUR
DÁJER, an individual; CHDB HOLDING,
S.A. de C.V., a Mexican corporation; and
CONTROLADORA IHC, S.A.P.I. de C.V., a
Mexican corporation; and OPERADORA
PALACE RESORTS JA LTD., a Jamaican
corporation,

        Defendants.

Case No.: 1:25-cv-23733-RKA

**JOINT STATUS REPORT REGARDING CURRENT STATUS OF SERVICE IN RESPONSE TO DOCKET ENTRY NO. 39**

On September 8, 2026, the Court ordered that "by September 26, 2025, the parties must jointly file a report explaining the current status of their service dispute (if they haven't resolved it by then)." ECF No. 39. Subject to the Court's approval, the Parties have resolved the service dispute based on the conditions set forth herein. Each of the Defendants has agreed to formally waive service of process of the summons and First Amended Complaint on the following conditions:

1. No Defendant shall be required to respond to or otherwise answer the Amended Complaint until 21 days after a Court's decision on Plaintiffs' Motion to Remand and Defendants' forthcoming Motion to Compel Arbitration, whether decided by this Court or a State Court to which the action may be remanded.

2.  The waiver of service is made without Defendants' waiver of any other defenses, objections, or arguments that Defendants may have, including without limitation those based on personal jurisdiction, venue, arbitrability, or failure to state a claim.

3.  Each Defendant will execute a formal waiver of service of process that is enforceable in the Defendant's home country.  For foreign Defendants, such waiver will be in writing, notarized, and authenticated under the Hague Apostille Convention for recognition in the home country and limited to service in this case.  The waiver will: (1) state the Defendant's full name, address, and legal representative (if a business); (2) acknowledge receipt of the summons and operative complaint; (3) explicitly waive formal service of process in this case under applicable law or any applicable treaty; and (4) affirm that the Defendant had sufficient opportunity to respond to the summons and operative complaint.  The waiver will be filed in this action.  For Mexican citizens, the waiver will be translated into Spanish and will state that the intent is for the waiver to take effect in this case only and to be recognized under the Mexican National Code of Civil Procedure and related provisions governing enforcement of foreign judgments.

The Parties will prepare a formal stipulation for entry by the Court.

[Intentionally left blank.]

Dated:  September 26, 2025

Respectfully Submitted,


   /s/ Peter Kaufman

Peter Kaufman (Bar No. 548421)
pkaufman@panish.law
Jesse Creed (pro hac vice pending)
jcreed@panish.law
Hunter Norton (pro hac vice pending)
hnorton@panish.law
PANISH | SHEA | RAVIPUDI LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700

*Attorneys for Plaintiffs*

   /s/ David M. Orta

QUINN EMANUEL URQUHART &
SULLIVAN LLP
   David M. Orta (FL Bar Number 35750)
   Jason Sternberg (FL Bar Number 72887)
   2601 S. Bayshore Drive
   Miami, Florida 33133
   305-402-4880
   davidorta@quinnemanuel.com
   jasonsternberg@quinnemanuel.com

*Attorneys for Defendants*