UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23733-RKA

PAUL AKEO and CHRISTY AKEO,
          Plaintiffs,
v.
PR GLOBAL RESERVATIONS, LLC,
PALACE ELITE RESORTS S.A. de C.V., a Mexican
corporation, JOSE GIBRAN CHAPUR DAJER,
CHDB HOLDINGS, S.A. de C.V., CONTROLADORA
IHC, S.A.P.I de C.V., and OPERADORA PALACE
RESORTS JA LTD.,
          Defendants.
_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR LEAVE TO FILE UNDER SEAL**

Plaintiffs Paul Akeo and Christy Akeo respectfully submit this opposition to Defendants' Motion for Leave to File Under Seal (ECF No. 53) (the "Motion"). The Motion seeks to file under seal three documents filed in connection with their Motion to Compel Arbitration and Stay: (1) Exhibit A, the Declaration of Jose Gibran Chapur Dajer, the Chief Executive Officer of Palace Resorts and affiliated entities; (2) Exhibit B, the Declaration of Kevin Ramon Salgado Quiroz; and (3) Exhibit D, the Order in the Emergency Arbitrator Proceedings entered by the emergency arbitrator.

The Motion should be denied for at least three independent reasons.

First, the documents Defendants seek to seal directly concern the conduct of public officials in the United States and Mexico and matters of public concern. The good cause standard under the Eleventh Circuit directs the courts to analyze "whether the information concerns public officials or public concerns." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Here, the information Defendant seeks to seal concerns the imprisonment of United States citizens by Mexican authorities at the direction of a Mexican business (Palace Resorts). The information Defendants seek to seal concerns the diplomatic efforts to release these U.S. citizens by the highest levels of the United States government, including Adam Boehler who was appointed by Donald Trump as the United States Special Envoy for Hostage Response and Congressmember Tom Barrett. Mr. Boehler was sent by President Trump to Mexico to secure the release from wrongful detention of Plaintiffs.[1]  The

_____

[1] *See* Adam Boehler, @aboehler, X (April 4, 2025), https://x.com/aboehler/status/1908303704442519862.

1

information also concerns diplomatic efforts by Congressmember Tom Barrett to secure the release of the Akeos and the *ex parte* communications between the CEO of Palace Resorts and the President of the Quintana Roo judicial system.  Defendants ask this Court to maintain the secrecy of the details of their involvement in these matters of public concern with public officials.  *See United States v. Noriega*, 752 F. supp. 1037 (S.D. Fla. 1990) (U.S. government conduct related to foreign officials and foreign matters "is of profound importance to the public").

Second, the substance of the information Defendant seeks to seal is a matter of public record. The information relates to an allegedly public criminal process in Mexico.  These are not matters of internal affairs of a private business, and the information has no proprietary or financial value of any kind.

Third, the sole basis provided by Defendants for sealing – that the Parties agreed to a confidential arbitration process – is insufficient as a matter of law.  "[N]umerous courts assessing this issue have found that the parties' agreement to submit to confidential arbitration does not—in and of itself—constitute good cause to seal arbitration materials in a subsequent federal action."  *See Laudig v. Int'l Bus. Machines Corp.*, No. 1:21-CV-5033-AT, 2022 WL 18232706, at *5 (N.D. Ga. Dec. 16, 2022)..  "While parties may contract to engage in confidential arbitration proceedings, when they ask the Court to rule on the validity of those proceedings, they chose a forum to which the public presumptively has a right of access."  *Jankula v. Carnival Corp.*, No. 18-CV-24670-UU, 2019 WL 8051719, at *2 (S.D. Fla. Sept. 5, 2019). Moreover, Defendants make no showing of *any* particularized harm they would suffer if such material were made public, which fails to meet their burden. *Laudig*, 2022 WL 18232706 at *5.

While Plaintiffs recognize that the Court entered an Order sealing these documents prior to Plaintiffs responding to Defendants' Motion to Seal, Plaintiffs respectfully request that the Court enter a "further order" in line with ECF No. 57, unsealing Exhibits A, B, and D, to Defendant's Motion to Compel Arbitration.  No good cause exists to seal those records.

## PROCEDURAL HISTORY

On September 19, 2025, Plaintiffs' counsel met and conferred with Defendants' counsel regarding the filing of Exhibits A and B in connection with their reply in support of their Motion to Remand.  (Declaration of Jesse Creed ("Creed Decl."), ¶ 2).  In response, Defendants' counsel indicated that Defendants "are prepared to agree to filing the declarations of Messrs. Salgado and Chapur on the public docket in their entireties" except "personally identifying information."  (Creed Decl., ¶ 3, Ex. 1).  Plaintiffs did not end up filing the two declarations with the reply.

2

On March 30, 2026, despite previously acknowledging that two of the documents should not be filed under seal, Defendants filed the Motion to seal the three documents at issue. (Creed Decl., ¶ 4).

On April 2, 2026, the Parties filed a Joint Request to Extend Briefing deadlines on Defendants' Motion to Compel Arbitration and Motion to Seal. ECF No. 55. The Parties requested an extension of the deadline to file an opposition to the Motion to April 27, 2026, and the reply to May 18, 2026. *Id.*

On April 6, 2026, the Court entered an order for the three documents to be "filed under seal and shall remain under seal until further order from this Court." ECF No. 57.

## LEGAL STANDARD

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern," and the common-law right of access to judicial records is firmly established in this Circuit. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The right of access creates a rebuttable presumption in favor of openness of court records. *Rossbach v. Rundle*, 128 F.Supp.2d 1348, 1352 (S.D. Fla. 2000). The party seeking to seal bears the burden of overcoming this presumption, and must demonstrate good cause by showing that its privacy interest outweighs the public's right of access. *See Romero*, 480 F.3d at 1246.

The Eleventh Circuit has set forth a non-exclusive list of factors for courts to consider when determining if there is good cause to seal documents that are filed with the Court. Those factors include: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, and (6) the availability of a less onerous alternative to sealing the documents. *Id.* "[S]tereotyped and conclusory statements . . . do not establish good cause." *Id.* at 1247. Defendants must show that they "would suffer . . . *particularized* harm if the specific arbitration materials in question were made public." *Laudig v. Int'l Bus. Machines Corp.*, No. 1:21-CV-5033-AT, 2022 WL 18232706, at \*5 (N.D. Ga. Dec. 16, 2022).

## ARGUMENT

**I.**      **The Documents Concern the Conduct of United States Public Officials, For Which There is a Presumption of Public Access.**

The documents Defendants seek to seal directly concern the conduct of public officials in the United States and Mexico and matters of public concern, for which there is a presumption of public access, which makes sealing inappropriate.  In determining whether good cause exists, courts in the Eleventh Circuit must analyze "whether the information concerns public officials or public concerns." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The Eleventh Circuit has repeatedly emphasized that the presumption of public access is especially strong where the records at issue bear on "matters of public concern," and nothing is more paradigmatic of public concern than the official conduct of elected representatives and senior executive branch envoys. *See id.* at 1245 (in cases involving public concerns like "the citizen's desire to keep a watchful eye on ... the operation of government," documents—even sensitive ones—may speak to the "heart of the interest protected by the right of access," making public disclosure paramount) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

These concerns are implicated because the information Defendants seek to shield concerns the conduct of senior United States and Mexican government officials acting in their official capacities. The Akeos were imprisoned abroad, and their release was secured through a negotiation process in which multiple U.S. public officials were directly involved—including U.S. Representative Tom Barrett and Special Presidential Envoy for Hostage Affairs Adam Boehler. The arbitration agreement Defendants now invoke, the arbitration filings reflected in Exhibits A, B, and D, and even the "secret" arbitral proceeding itself relate directly to that same process and to the conduct of the public officials involved in it. Private parties are ordinarily free to select arbitration and its attendant confidentiality to resolve commercial disputes. But Defendants themselves contend that the arbitration clause, and indeed the broader arrangement giving rise to this dispute, was negotiated with the direct involvement of U.S. government officials acting in their official capacities. That involvement—whatever its purpose—fundamentally alters the public-interest calculus.

Here, the American public has a direct stake in understanding how its elected officials and federal envoys conduct diplomatic and hostage-related negotiations on behalf of United States citizens detained abroad. That includes the terms exacted from detained Americans – such as the arbitration agreement at issue here – as a condition of their release and the any such consequences that have befallen them as result of such negotiation. The Special Presidential Envoy for Hostage Affairs and Members of Congress operate with the authority, and on the credibility, of the United States government. Their participation in negotiations that produce binding legal agreements on American citizens is quintessentially a matter of public concern, and the public is entitled to examine the

circumstances in which such agreements are executed. Exhibits A and B directly relate to and reference interactions that Chapur and Salgado had with Congressman Barrett and Special Presidential Envoy Boehler, while Exhibit D is a byproduct of the arbitration agreement Plaintiffs were forced to enter to secure their release from Mexican prison.  Moreover, Defendants claim Exhibit D, the emergency order, arose out of the bargaining by the U.S. officials of the highest levels on behalf of the Akeos.

To permit sealing of materials describing the negotiations, events surrounding the negotiations, and release of the Akeos from Mexican prison, in which Rep. Barrett and Envoy Boehler participated would allow a private non-disparagement agreement to operate as a de facto gag on public scrutiny of federal officials' conduct. That result would be inconsistent with bedrock First Amendment and common-law principles. The heightened public interest in the officials' involvement reinforces the strong presumption of public access to the documents that Defendants have sought to seal, and Defendants have offered nothing capable of overcoming it. Accordingly, Plaintiffs request that the Court grant the instant motion.

## II.     Defendants Have Not Carried Their Burden of Overcoming the Presumption of Public Access.

Defendants have not made the particularized showing Local Rule 5.4(b) and Eleventh Circuit law require to seal the at-issue documents and overcome the public's right to access. Materials filed with a motion to compel arbitration are judicial records subject to the full presumption of public access because the Court must consider them to adjudicate substantive rights. *See Romero*, 480 F.3d at 1245 ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common-law right of access.").

As an initial matter, Defendants make no showing, let alone a particularized one, of harm if the at-issue documents are not sealed, or otherwise provide sufficient factual information or argument to satisfy their burden of good cause. Nor could they, in fact, Defendants previously agreed that the declarations of Messrs. Salgado and Chapur, Exhibits A and B, need not be filed under seal. Instead, Defendants rely almost entirely on generalized invocations of arbitral confidentiality and on the parties' private non-disparagement agreement as a basis to seal the at-issue materials. But "numerous courts assessing this issue have found that the parties' agreement to submit to confidential arbitration does not—in and of itself—constitute good cause to seal arbitration materials in a subsequent federal action." *Bakhai v. BDO USA, P.C.*, No. 24-CV-23896, 2024 WL 5373876, at *1 (S.D. Fla. Dec. 3, 2024); *see also Jankula v. Carnival Corp.*, No. 18-CV-24670-UU, 2019 WL 8051719, at *3 (S.D. Fla. Sept.

5, 2019) (affirming magistrate decision that "the parties' agreement to privately arbitrate their dispute does not obligate the Court to shield its' proceedings from the public, nor does it overcome the presumption of public access" in rejecting motion to seal arbitration-related documents); *Jackson v. Sleek Audio, LLC*, No. 13-80725-CIV, 2013 WL 12384284, at *1-2 (S.D. Fla. Oct. 8, 2013) (rejecting confidentiality clause in arbitration agreement as grounds to keep arbitration award private when challenged in federal court); *Fed. Nat. Mortg. Ass'n v. Prowant*, 269 F.Supp.3d 1290, 1292-1932 (N.D. Ga. Feb. 11, 2015) (holding that "mere agreement by the parties that documents should be designated confidential" as set forth in arbitration agreement does not satisfy good cause standard).

Private contractual designations of confidentiality do not override the public's right of access and constitute good cause. *See e.g. Brown v. Advantage Eng'g, Inc.,* 960 F.2d 1013, 1016 (11th Cir. 1992); *Wilson v. Am. Motors Corp.,* 759 F.2d 1568, 1571 (11th Cir. 1985). Defendants' citation of two out-of-circuit Second Circuit decisions do not compel a different result, nor do they bind the Court. Nor does reputational harm constitute grounds for sealing. *Wilson v. Am. Motors Corp.,* 759 F.2d 1568, 1570–71 (11th Cir. 1985) ("[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access."). Moreover, Defendants do not carry their burden by engaging with the factors that Eleventh Circuit considers in determining whether good cause exist. Instead, they merely make conclusory assertions that because an agreement to confidentially arbitrate exists they should therefore be entitled to sealing, despite that not being Eleventh Circuit law, without further, specific showing of why good cause exists, which does not exist here. *See Jankula*, No. 18-CV-24670-UU, 2019 WL 8051719, at *3. As Defendants have not met their burden, this material should be unsealed.

Defendants' citation to *Bakhai* is not to the contrary. *Bakhai* involved a *joint* agreement that arbitration final award materials be filed under seal, which later was contested after one of the parties filed a portion thereof on the public docket, and it did not involve materials concerning public officials. Here, by contrast, Plaintiffs affirmatively oppose sealing, and as explained further below, all three exhibits implicate the conduct of United States and foreign government officials in a hostage-like situation and the conduct of a Mexican business resulting in the imprisonment of U.S. citizens.

Nor does this Court's prior order permitting the filing of certain arbitration briefs under seal (ECF No. 43) support Defendants' current request. That order addressed a different set of materials and was entered on a *joint* request. It did not adjudicate, and cannot be read as adjudicating, whether Defendants may unilaterally seal exhibits that concern the negotiations in which federal officials

6

participated. Each sealing request must be independently evaluated against the presumption of public access. *See Romero*, 480 F.3d at 1246.

Furthermore, Defendants cannot bootstrap arbitral confidentiality onto the judicial record simply because they chose to recycle their arbitration declarations here. Nothing required Defendants to do so—they could have had their witnesses prepare the same content on federal pleading paper. Here, Defendants seek to submit declarations under seal, including from Palace's CEO about underlying facts relevant to the determination of the motion to compel arbitration, as well as from an expert on Mexican law, that bears directly on the motion to compel arbitration that Defendants ask the Court to decide, and which they have filed in support of their motion. These declarations, by themselves, have nothing to do with arbitration other than that they were filed in it, and are being independently filed to support their motion seeking to divest this court of jurisdiction and move this lawsuit to secret arbitration in Canada.  Having elected to reuse those declarations to meet their burden on a motion to compel an issue they concede is for this Court to decide, Defendants cannot now claim the documents carry arbitral confidentiality with them. The question is not whether a document was confidential in arbitration, but whether the information it contains is confidential and subject to sealing. Mere fact that Defendants also filed these documents in arbitration does not entitle them to special secrecy.

Finally, the Motion fails Local Rule 5.4(b)'s particularity requirement. Defendants offer no exhibit-specific explanation of what confidential information their filings actually contain, the legal basis for departing from the policy that Court filings are public,  or why less restrictive alternatives (such as targeted redaction) would not suffice. Defendants' conclusory invocation of arbitral confidentiality, without any particularized showing of the specific harm disclosure would cause – and in the face of substantial public interest in the official conduct the document reflects – is insufficient.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Leave to File Under Seal, and issue further order that Exhibits A, B, and D, to Defendants' Motion to Compel Arbitration and Stay be unsealed.

Dated: April 27, 2026

Respectfully submitted,

PANISH | SHEA | RAVIPUDI LLP

By: /s/ Peter Kaufman
Peter Kaufman (Bar No. 548421)
pkaufman@panish.law
Jesse Creed (pro hac vice)
jcreed@panish.law
Hunter Norton (pro hac vice)
hnorton@panish.law
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: (310) 477-1700

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve notice of electronic filing on all counsel of record.

/s/ Peter Kaufman
Peter Kaufman