UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

PAUL AKEO and CHRISTY AKEO,

Plaintiffs,

v.

PALACE ELITE RESORTS S.A. de C.V., a
Mexican corporation; PR GLOBAL
RESERVATIONS, LLC, a Florida limited
liability company; JOSÉ GIBRÁN CHAPUR
DÁJER, an individual; CHDB HOLDING,
S.A. de C.V., a Mexican corporation; and
CONTROLADORA IHC, S.A.P.I. de C.V., a
Mexican corporation; and OPERADORA
PALACE RESORTS JA LTD., a Jamaican
corporation,

Defendants.

Case No.: 25-cv-23733-RKA

**DECLARATION OF JESSE CREED IN SUPPORT OF OPPOSITION TO
DEFENDANT'S MOTION TO SEAL**

I, Jesse Creed, declare as follows:

1.      I am an attorney duly admitted to practice in the courts of the United States District Court, Southern District of Florida *pro hac vice*. I am an attorney at Panish Shea Ravipudi LLP, which represents Plaintiff Donna Motsinger in the action now  pending before this Court. I have personal knowledge of the facts set forth in this declaration and  if called as a witness could competently testify to facts therein.

2.      On September 19, 2025, Plaintiffs' counsel met and conferred with Defendants' counsel regarding the filing of Exhibits A and B in connection with their reply in support of their Motion to Remand.

3.      In response, on September 19, 2025, Defendants' counsel indicated that

Defendants "are prepared to agree to filing the declarations of Messrs. Salgado and Chapur on the public docket in their entireties" except "personally identifying information." Attached hereto as **Exhibit 1** is a true and correct copy of an excerpted email chain between Plaintiffs' counsel and Defendants' counsel, including Defendants' counsel's September 19, 2025, email.

4.  On March 30, 2026, despite previously acknowledging that two of the documents should not be filed under seal, Defendants filed the Motion to seal the three documents at issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27th day of April, 2026, at Los Angeles, California.

_____

Jesse Creed

2

**EXHIBIT 1**

## Hunter Norton

| | |
|---|---|
| **From:** | David Orta <davidorta@quinnemanuel.com> |
| **Sent:** | Friday, September 19, 2025 11:21 AM |
| **To:** | Jesse Creed |
| **Cc:** | Jason Sternberg; Kirsten Nelson; John Manly; Hunter Norton |
| **Subject:** | Re: Akeos v. Palace Elite at al. -- sealing meet and confer |

**CAUTION: External Sender. Stop, Evaluate, and Verify**

Jesse,

We write to propose an alternative approach that addresses the Court's need for transparency and alleviates unnecessary motion practice regarding sealing while also preserving the parties' respective rights pending resolution of the jurisdictional and arbitrability issues.

We propose that any arbitration pleadings you intend to file be sealed until disposition of the motion to compel arbitration, assuming the motion to remand is denied. This approach provides an appropriate interim solution that respects both parties' positions. Should Plaintiffs ultimately prevail on their contention that the NDA and its non-disclosure provisions are invalid—which we dispute—the materials would be unsealed. Conversely, if the Court finds the NDA and confidentiality provisions within it enforceable, the materials would remain sealed and the matter would proceed to arbitration as contemplated by the parties' agreement.  This would require Plaintiffs to file those pleadings fully under seal if they opt to file them in the federal court matter.

In the interest of facilitating the Court's consideration of the pending motions and avoiding unnecessary motion practice regarding sealing, we are prepared to agree to filing the declarations of Messrs. Salgado and Chapur on the public docket in their entireties.  The one exception is that Plaintiffs must redact any personal identifying information other than the declarants' names in the declarations, such as addresses.  However, we want to be clear that this accommodation does not constitute a waiver of any of our clients' rights to continue to insist on the complete confidentiality of the arbitration proceedings, nor it is a waiver of any aspect of the claims it has filed, or remedies it has sought, in that proceeding.

This proposal balances the legitimate interests at stake while avoiding the need for extensive redaction or piecemeal disclosure that could prejudice either party's position. We believe this approach will allow the Court to address the threshold issues of jurisdiction and arbitrability without unnecessarily compromising the confidentiality protections that we understand ultimately govern this dispute in arbitration.

We look forward to your response.

Kind regards,

David

1

**David M. Orta**

**Chair of the U.S. and LatAm Int'l Arbitration Practices**

Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street NW, Ste. 900
Washington, D.C. 20005
Office:  202-538-8000

2601 South Bayshore Drive, Ste. 1550
Miami, FL 33133
Office:  305-402-4880
davidorta@quinnemanuel.com
www.quinnemanuel.com





NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jesse Creed <jcreed@panish.law>
**Date:** Friday, September 19, 2025 at 12:24 PM
**To:** David Orta <davidorta@quinnemanuel.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>, Kirsten Nelson
<kirstennelson@quinnemanuel.com>, John Manly <jmanly@manlystewart.com>, Hunter Norton
<hnorton@panish.law>
**Subject:** Re: Akeos v. Palace Elite at al. -- sealing meet and confer

[EXTERNAL EMAIL from jcreed@panish.law]

Also paragraphs 80-83 of request for arb.

**From:** Jesse Creed <jcreed@panish.law>
**Date:** Friday, September 19, 2025 at 8:42 AM
**To:** David Orta <davidorta@quinnemanuel.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>, Kirsten Nelson
<kirstennelson@quinnemanuel.com>, John Manly <jmanly@manlystewart.com>, Hunter Norton

<hnorton@panish.law>
**Subject:** Akeos v. Palace Elite at al. -- sealing meet and confer

David,

We plan to file Palace's request for arbitration, request for emergency orders, Chapur declaration, and Salgado declaration with our reply brief today.  We will redact all portions of those that we do not intend to use.  The portions we plan to use are:  Arbitration Request para. 102, 85, 97, header on p. 38, 111; emergency application para. 31-32, 39, 41, 72, 74, 76, 83, 86, 90, 92; Chapur decl., para. 8, 11-12, 25-26; Salgado Decl., para. 19-38.

While we dispute the validity of the NDA, we are not trying to create unnecessary controversy by arguing over the confidentiality clause for the arbitration.  We are meeting and conferring about whether you believe any of those materials are subject to sealing.  Judge Altman requires the parties to work it out and has had stern words for parties who are overly aggressive with sealing.  Bakhai v. BDO USA, P.C., No. 24-CV-23896, 2024 WL 5373877, at *1 (S.D. Fla. Dec. 20, 2024).  Judge Altman has also been clear that a confidentiality clause in an arbitration agreement is insufficient basis to seal arbitration materials.  "Moreover, numerous courts assessing this issue have found that the parties' agreement to submit to confidential arbitration does not—in and of itself—constitute good cause to seal arbitration materials in a subsequent federal action."  Bakhai v. BDO USA, P.C., No. 24-CV-23896, 2024 WL 5373876, at *1 (S.D. Fla. Dec. 3, 2024)

We do not believe any of the materials are subject to sealing, as they all relate to public matters (e.g. criminal proceedings in Mexico) or public officials.  Please let us know if you disagree and if so, what specific portions you claim should be sealed.  Also, we will file a motion to seal, but in that motion explain we are filing the motion given the clause in the NDA but do not believe the NDA is valid and also do not believe the material is subject to sealing.

We obviously had one week to prepare a reply and our decision to use these materials did not become final or apparent until today.

Thanks,
Jesse

---

**From:** David Orta <davidorta@quinnemanuel.com>
**Date:** Friday, September 12, 2025 at 9:14 AM
**To:** Jesse Creed <jcreed@panish.law>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>, Kirsten Nelson <kirstennelson@quinnemanuel.com>, John Manly <jmanly@manlystewart.com>, Hunter Norton <hnorton@panish.law>
**Subject:** Re: Akeos v. Palace Elite at al. -- service of process

**CAUTION: External Sender. Stop, Evaluate, and Verify**

Jesse,

3