UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23733-RKA

PAUL AKEO and CHRISTY AKEO,
        Plaintiffs,
v.
PR GLOBAL RESERVATIONS, LLC,
PALACE ELITE RESORTS S.A. de C.V., a Mexican
corporation, JOSE GIBRAN CHAPUR DAJER,
CHDB HOLDINGS, S.A. de C.V., CONTROLADORA
IHC, S.A.P.I de C.V., and OPERADORA PALACE
RESORTS JA LTD.,
        Defendants.
_____/

## PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENTS PROVISIONALLY UNDER SEAL

Pursuant to Southern District of Florida Local Rule 5.4, Plaintiffs Paul Akeo and Christy Akeo respectfully move for leave to file provisionally under seal Exhibits 8 and 9 to the Declaration of Christy Akeo, and Exhibits 1, 2, and 3, to the Declaration of Jesse Creed In Support of their Opposition to Defendants' Motion to Compel Arbitration and Stay. In support, Plaintiffs state as follows:

1.  Local Rule 5.4(b) requires a party seeking to file material under seal to set forth the factual and legal basis for departing from the policy that Court filings be public and to describe the proposed sealed filing with sufficient particularity without revealing the confidential information. *See* S.D. Fla. L.R. 5.4(b).

2.  Plaintiffs do not believe there is a factual or legal basis to submit the Subject Documents under seal.

3.  However, Plaintiffs submit this motion out of an abundance of caution because the exhibits identified herein may be characterized by Defendants as arbitration-related or as consisting of, quoting, referencing, or attaching materials from the parties' arbitration proceedings, which contains an confidentiality provision. The Parties dispute whether an arbitral confidentiality provision is sufficient to seal documents that contain otherwise publicly available or nonconfidential information. Plaintiffs do not believe such a provision is sufficient, whereas Defendants believe it is.

1

3.      Accordingly, Plaintiffs seek leave to file the following materials provisionally under seal pending a showing by Defendants and the Court's determination, after further briefing, of whether good cause exists to maintain them under seal:

a.      Exhibit 8 to Declaration of Christy Akeo: 8.25.25 Email Relating to Quantifications of Damages;

b.      Exhibit 9 to Declaration of Christy Akeo: Claimant's Cost Statement re Arbitration;

c.      Exhibit 1 to Declaration of Jesse Creed: Excerpts of Request for Arbitration by Palace Elite Resorts S.A. de C.V.;

d.      Exhibit 2 to Declaration of Jesse Creed: Excerpts of Application for Appointment for Emergency Arbitrator and Orders for Emergency Measures Filed by Palace Elite Resorts S.A. de C.V.;

e.      Exhibit 3 to Declaration of Jesse Creed: Transcript of Hearing on Place Elite's Emergency Application in International Chamber of Commerce;

4.      As noted above, Plaintiffs do not contend that these materials should remain sealed. Plaintiffs' position is that good cause does not exist to seal any of the foregoing materials, which contain and describe matters of public concern (i.e. criminal charges against U.S. citizens at the direction of a Mexican business) involving public figures (i.e. the highest levels of U.S. government), and the mere fact that such materials were filed in, attached to, quoted from, or otherwise connected with an arbitration proceeding does not constitute good cause to overcome the presumption of public access. See *Jankula v. Carnival Corp.*, No. 18-CV-24670-UU, 2019 WL 8051719, at *3 (S.D. Fla. Sept. 5, 2019) (affirming magistrate decision that "the parties' agreement to privately arbitrate their dispute does not obligate the Court to shield its' proceedings from the public, nor does it overcome the presumption of public access" in rejecting motion to seal arbitration-related documents); *Jackson v. Sleek Audio, LLC*, No. 13-80725-CIV, 2013 WL 12384284, at *1-2 (S.D. Fla. Oct. 8, 2013) (rejecting confidentiality clause in arbitration agreement as grounds to keep arbitration award private when challenged in federal court); *Fed. Nat. Mortg. Ass'n v. Prowant*, 269 F.Supp.3d 1290, 1292-1932 (N.D. Ga. Feb. 11, 2015) (holding that "mere agreement by the parties that documents should be designated confidential" as set forth in arbitration agreement does not satisfy good cause standard).

5.      The common-law right of access to judicial records is firmly established in the Eleventh Circuit. The right of access creates a rebuttable presumption in favor of openness, and the party seeking sealing bears the burden of demonstrating good cause by showing that its privacy interest outweighs the public's right of access. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007).

2

6. The Eleventh Circuit considers, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the materials are made public, whether the information concerns public officials or public concerns, and whether less restrictive alternatives to sealing are available. *Id.* at 1246-47. Conclusory assertions do not establish good cause, and a party seeking to seal judicial records must identify particularized harm from disclosure. *See id.; see also Laudig v. Int'l Bus. Machines Corp.*, No. 1:21-CV-5033-AT, 2022 WL 18232706, at *5 (N.D. Ga. Dec. 16, 2022).

7. In particular, the documents Plaintiffs submit herein, directly concern the conduct of public officials in the United States and Mexico and matters of public concern, which further militate against maintaining such documents under seal.  The Eleventh Circuit has repeatedly emphasized that the presumption of public access is especially strong where the records at issue bear on "matters of public concern," and nothing is more paradigmatic of public concern than the official conduct of elected representatives and senior executive branch envoys. *See id.* at 1245 (in cases involving public concerns like "the citizen's desire to keep a watchful eye on ... the operation of government," documents—even sensitive ones—may speak to the "heart of the interest protected by the right of access," making public disclosure paramount) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Specifically, the exhibits at issue herein relate to arbitration proceedings which directly arose from the imprisonment of United States citizens by Mexican authorities at the direction of a Mexican business (Palace Resorts), and related diplomatic efforts to secure their release, which among other terms, included a Mutual Release and Non-Disparagement Agreement, which the Akeos were forced to sign, and which Defendants now use to attempt to compel them to arbitration in a foreign country.

8. The parties' agreement to submit to confidential arbitration does not, in and of itself, constitute good cause to seal arbitration materials and overcome the public presumption of access, especially in a case such as this one, involving public officials. *See Bakhai v. BDO USA*, P.C., No. 24-CV-23896, 2024 WL 5373876, at 1 (S.D. Fla. Dec. 3, 2024) ("[N]umerous courts assessing this issue have found that the parties' agreement to submit to confidential arbitration does not—in and of itself—constitute good cause to seal arbitration materials in a subsequent federal action."). When parties ask a federal court to rule on matters connected to arbitration, they choose a forum to which the public presumptively has a right of access. *See Jankula v. Carnival Corp.*, No. 18-CV-24670-UU, 2019 WL 8051719, at 2-3 (S.D. Fla. Sept. 5, 2019).

9.      Plaintiffs respectfully request that the Court determine, after appropriate consideration of the applicable standard, whether the materials identified above should remain under seal, be unsealed, or be subject only to narrowly tailored redactions. Plaintiffs' position is that the materials should not remain sealed because Defendants have not shown, and cannot show, good cause merely by asserting that the materials are connected to arbitration.

10.     Nothing in this motion should be construed as a concession that the identified materials are confidential, that they are properly sealed, or that any party has satisfied the burden required by Local Rule 5.4(b), *Romero*, or other applicable authority.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file Exhibits 8 and 9 to the Declaration of Christy Akeo, and Exhibits 1, 2, and 3, to the Declaration of Jesse Creed In Support of their Opposition to Defendants' Motion to Compel Arbitration and Stay provisionally under seal pending further briefing of the Parties and order of the Court, while preserving Plaintiffs' position that no good cause exists to maintain those materials under seal.

## Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for Plaintiffs conferred with counsel for Defendants regarding the relief sought in this motion in a good faith effort to resolve the issues raised herein. Defendants do not oppose the relief requested in this motion, that the at-issue exhibits be filed provisionally under seal, pending the Court's determination after briefing of whether sealing is proper. Plaintiffs dispute that any of the materials should remain sealed.

Dated: April 27, 2026

Respectfully submitted,

PANISH | SHEA | RAVIPUDI LLP

By: /s/ Peter Kaufman
Peter Kaufman (Bar No. 548421)
pkaufman@panish.law
Jesse Creed (admitted pro hac vice)
jcreed@panish.law
Hunter Norton (admitted pro hac vice)
hnorton@panish.law
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: (310) 477-1700

*Counsel for Plaintiffs*

4

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 27, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve notice of electronic filing on all counsel of record.

<u>/s/ Peter Kaufman</u>
Peter Kaufman

5