**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23733-ALTMAN**

PAUL AKEO and CHRISTY AKEO,

      Plaintiffs,

v.

PR GLOBAL RESERVATIONS, LLC,
PALACE ELITE RESORTS S.A. de C.V., *a Mexican corporation,*
JOSE GIBRAN CHAPUR DAJER, CHDB HOLDINGS, S.A. de
C.V., CONTROLADORA IHC, S.A.P.I de C.V., and
OPERADORA PALACE RESORTS JA LTD.

      Defendants.

_____/

### DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Southern District of Florida Local Rule 5.4, Defendants respectfully move for leave to file under seal the declarations of José Gibrán Chapur Dájer and Kevin Ramón Salgado Quiroz in support of Defendants' Motion to Compel Arbitration and Stay, and state as follows:

1. Defendants previously moved to file under seal certain exhibits to their Motion to Compel Arbitration and Stay, consistent with the parties' Mutual Release and Non-Disparagement Agreement, which prohibits the disclosure of the "contents" of any arbitration initiated thereunder. [ECF No. 53]. Those materials included the declarations of José Gibrán Chapur Dájer and Kevin Ramón Salgado Quiroz, both of which had been submitted in the confidential arbitration proceeding Defendants initiated with the ICC, as well as the Emergency Arbitrator's Order granting Defendants' Application for Emergency Measures.

2. The Court granted Defendants' request and ordered that those arbitration materials "shall be filed under seal and shall remain under seal until further order from this Court." [ECF No. 57].

3.      Defendants now submit additional declarations from Messrs. Chapur and Salgado in support of their Reply in further support of the Motion to Compel Arbitration and Stay. Those declarations relate to the same content as the initial declarations and quote, reference, and discuss the original declarations submitted in the confidential arbitration proceeding, which are subject to this Court's sealing order.

4.      Although court filings are generally matters of public record, the "common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Donoff v. Delta Air Lines, Inc.*, No. 18-81258-CV-DMM, 2019 WL 2568020, at *1 (S.D. Fla. Mar. 14, 2019) (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

5.      Here, the presumption of public access is outweighed by the parties' substantial interest in preserving the confidentiality of arbitration proceeding, and the materials file therein, that are subject both to contractual confidentiality obligations and prior sealing orders entered by this Court.  *See Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 71 (2d Cir. 2023); *Billie v. Coverall N. Am., Inc.*, No. 23-672-CV, 2024 WL 4380618, at *3 (2d Cir. Oct. 3, 2024); *In re IBM Arbitration Agreement Litig.*, 76 F.4th 74, 78 (2d Cir. 2023); *see also Stafford v. IBM*, 78 F.4th 62, 71 (2d Cir. 2023) (explaining that "[c]onfidentiality is a paradigmatic aspect of arbitration," and citing older cases in which the court had "affirmed decisions to keep judicial documents subject to confidentiality provisions in arbitration or settlement agreements under seal.").

6.      This Court has previously granted sealing of arbitration materials where the parties jointly sought relief based on their mutual non-disclosure agreement establishing the confidential nature of the arbitration proceedings. *Bakhai v. BDO USA, P.C.*, No. 24-CV-23896, 2024 WL

2

5373876, at *1–2 (S.D. Fla. Dec. 3, 2024) (Altman, R.) (citing *F.T.C. v. Cambridge Exch., Ltd., Inc.*, 845 F. Supp. 872, 874 (S.D. Fla. 1993)).

7.      Moreover, this Court has already granted the parties' prior motions to seal arbitration-related materials in this case and ordered that those materials remain under seal. *See* [ECF Nos. 43, 57, 71].

8.      Accordingly, good cause exists to allow Defendants to file under seal the declarations of José Gibrán Chapur Dájer and Kevin Ramón Salgado Quiroz submitted in support of Defendants' Reply in further support of the Motion to Compel Arbitration and Stay.

For the foregoing reasons, Defendants, request that the Court grant leave to file under seal declarations of José Gibrán Chapur Dájer and Kevin Ramón Salgado Quiroz.

## Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant conferred with counsel for Plaintiffs regarding the relief sought in this motion in a good faith effort to resolve the issues raised herein. Plaintiffs oppose the relief requested in this motion.

DATE: May 18, 2026                    Respectfully submitted,

**QUINN EMANUEL URQUHART &**          **MARK FERRER & HAYDEN**
**SULLIVAN LLP**                       80 S.W. 8th Street, Suite 1999
2601 S. Bayshore Drive                 Miami, Florida 33130
Miami, Florida 33133                   Telephone: (305) 374-0440
305-402-4880

                                       By: *s/ Jose M. Ferrer*
By: */s/ David M. Orta*                Jose M. Ferrer, Esq.
David M. Orta                          Florida Bar No. 173746
FL Bar Number 35750                    Desiree Fernandez, Esq.
davidorta@quinnemanuel.com             Florida Bar No. 119518
                                       jose@mfh.law
*Co-counsel for Defendants*            desiree@mfh.law
                                       eservice@mfh.law

                                       *Co-counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served via the

CM/ECF portal on this 18th day of May 2026 upon all individuals listed on the service list below.

Peter Kaufman
pkaufman@panish.law
Jesse Creed (pro hac vice pending)
jcreed@panish.law
Hunter Norton (pro hac vice pending)
hnorton@panish.law
PANISH I SHEA I RAVIPUDI LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700

Jennifer D. Bennett
GUPTA WESSLER LLP
235 Mongomery Street, Suite 629
San Francisco, CA 94101
jennifer@guptawessler.com

*/s/ Jose M. Ferrer*
Jose M. Ferrer