**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:25-cv-23733-ALTMAN

PAUL AKEO and CHRISTY AKEO,
        Plaintiffs,

        v.

PR GLOBAL RESERVATIONS, LLC,
PALACE ELITE RESORTS S.A. de C.V., a Mexican
corporation, JOSE GIBRAN CHAPUR DAJER,
CHDB HOLDINGS, S.A. de C.V., CONTROLADORA
IHC, S.A.P.I de C.V., and OPERADORA PALACE
RESORTS JA LTD.,

        Defendants.

_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**
**PLAINTIFFS' OBJECTIONS TO EVIDENCE [ECF NO. 62]**

Plaintiffs Paul Akeo and Christy Akeo ("Plaintiffs") are two U.S. citizens who allege they were

falsely accused by Defendants of a low-level crime by Defendants, were imprisoned in Mexican

maximum-security prison, and were released after President Trump's Special Envoy for Hostage

Negotiations Adam Boehler was dispatched to get the Akeos out of wrongful detention. In response

to this lawsuit, Defendants moved for an order compelling the Akeos to arbitrate their claims based

on an arbitration clause and delegation clause they extracted from the Akeos as a condition to their

freedom from Mexico prison and Defendants' agreement to dismiss charges against the Akeos.

Plaintiffs responded and filed evidentiary objections to six discrete statements that together take up

half a page. *See* ECF No. 62. Plaintiffs chose this procedure for submitting evidentiary objections

not because they lacked page length in their opposition, but, rather, because this procedure is used

1

throughout federal courts at summary judgment where Local Rules or Standing Orders do not otherwise prohibit it.[1]

Defendants' response to those brief objections has multiplied these proceedings exponentially. Rather than filing a short Response to Evidentiary Objections, Defendants chose to file an eight-page motion, requiring this response and circling back to a reply by Defendants.  Represented by Quinn Emanuel who through scorched-earth litigation tactics has sought ruinous attorney fees from Paul Akeo who is employed by the Michigan State Police and Christy Akeo who is a retired cleaning lady, Defendants seek to drown Plaintiffs in paperwork.  *See* ECF No. 74 (Ex. 9 to Christy Akeo Decl.).

Plaintiffs respectfully request that the Court deny Defendants' Motion to Strike Plaintiff's Objections to Evidence [ECF No. 62]. Plaintiffs' Objections [ECF No. 51], are a procedurally proper mechanism to lodge evidentiary objections in response to Defendants' Motion to Compel Arbitration, and should be ruled upon on their merits, not stricken as a technicality like Defendants request. Both parties agree, and Eleventh Circuit courts are in accord, that a motion to compel arbitration is a summary judgment-like procedure, which must allow an opposing party to object to evidence submitted in support of a motion to compel arbitration. *See e.g. McDonald v. Grimsley*, 772 F. Supp. 3d 1306 (S.D. Ala. 2025) (in deciding a motion to compel arbitration, the court applies a summary-judgment-like standard and views all evidence in the light most favorable to the non-movant). In the absence of a local rule to the contrary, Plaintiffs may file evidentiary objections as a separate pleading, as permitted by Federal Rule of Civil Procedure 56(c)(2), pursuant to which Plaintiffs filed the instant objections. *See e.g. Ponder v. Experian Information Solutions, Inc.*, 2021 WL 2688648 (N.D. Ga. May 18, 2021) report and recommendation adopted, 2021 WL 5033483 (N.D. Ga. July 9, 2021) (ruling on objections submitted under Rule 56(c)(2) as separately filed pleading); *Campbell v. Shinseki*, 546

---

[1] As stated below and agreed by both sides, Defendants' motion to compel is evaluated under a summary judgment standard under applicable law.

Fed.Appx. 874 (11th Cir. 2013) (reviewing ruling upon evidentiary objections submitted under Rule 56(c)(2) filed as separate pleading). Accordingly, Defendants' motion to strike should be denied, and the evidentiary objections should be sustained.

## I.     LEGAL STANDARD

Defendants' motion to compel arbitration is evaluated under a summary-judgment-like standard. *McDonald v. Grimsley*, 772 F. Supp. 3d 1306 (S.D. Ala. 2025); *see also Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016). Because the motion to compel arbitration is treated as functionally equivalent to a motion for summary judgment, as a procedural matter, the objection procedure under Federal Rule of Civil Procedure 56(c)(2) applies with full force. Federal Rule of Civil Procedure 56(c)(2) states that a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Courts in the Eleventh Circuit routinely rule upon evidentiary objections submitted in response to a motion for summary judgment as a separate, free-standing evidentiary objection pleading. *See e.g. Ponder v. Experian Information Solutions, Inc.*, 2021 WL 2688648 (N.D. Ga. May 18, 2021) report and recommendation adopted, 2021 WL 5033483 (N.D. Ga. July 9, 2021) (ruling on objections submitted under Rule 56(c)(2) as separately filed pleading); *Campbell v.* Shinseki, 546 Fed.Appx. 874 (11th Cir. 2013). As stated below, the same applies here.

## II.     ARGUMENT

### A.     **Plaintiffs' Objections are Procedurally Proper and Must Be Allowed**

Plaintiffs' evidentiary objections are procedurally proper and must be allowed as set forth below.

First, Defendants' argument that free-standing evidentiary objections are categorically impermissible has no basis in any authority. In fact, Defendants cite no authority for this proposition. Neither the Federal Rules of Civil Procedure nor the Local Rules prohibit a party from filing separate

evidentiary objections, nor do they mandate that such objections be embedded exclusively in an opposition brief.  In fact, districts that wish to bar separately filed evidentiary objections have adopted Local Rules to that effect, suggesting that in the absence of the local rules, it remains a proper procedural vehicle by default.  *See* N.D. Cal. Local Rule 7-3(a) ("Any evidentiary and procedural objections . . . must be contained within the brief or memorandum."). Indeed, the Rutter Practice Guide for Federal Civil Procedure, written by Magistrate Judge Karen Stevenson, provides that such written objections can and should be made separate from the opposition.  Hon. Karen L. Stevenson & James E. Fitzgerald, Rutter Group Practice Guide: Federal Civil Procedure Before Trial ch. 14-C, ¶ 14:110 (The Rutter Group, May 2026 update) ("Therefore, the better practice is to *make any objections in writing,* and serve and file them with the opposition papers," cross-referencing Rutter Guide Form that is captioned "Objections to Evidence" similar to Plaintiffs' pleading).  Federal district courts routinely address separately filed evidentiary objections in summary judgment proceedings throughout the country. *Kendon Indus. LLC v. Towblazer, Inc.*, No. 8:23-CV-00732-FWS-DFM, 2024 WL 5274500, at *4 (C.D. Cal. Nov. 27, 2024) (addressing separately filed evidentiary objections on summary judgment); *Senoffsky v. Novak*, 773 F.Supp.3d 988, 999 (S.D. Cal. 2025) (addressing separately filed evidentiary objections).

By contrast, Defendants cite no authority that the procedure used by Plaintiffs to lodge evidentiary objections was improper simply because they are in a separate document, in the absence of a local rule to the contrary.  For the reasons set forth above, Defendants' conclusory claim that Plaintiffs' evidentiary objections were an "unauthorized procedural detour" to "improperly exceed" the Court's page limit requirements is similarly unavailing and meritless, and does not constitute

grounds to strike Plaintiffs' evidentiary objections.[2]  It also has nothing to do with page limits: Plaintiffs could have stated the objections in two sentences in the Reply brief and be within page limits.[3]

Second, ECF No. 62 does not purport to be a "motion", but rather evidentiary objections pursuant to and akin to those under FRCP 56(c)(2) and therefore does not violate Local Rule 7.1.  In fact, Defendants' claim that Plaintiffs should have filed a motion with a memorandum is a procedural vehicle that district courts in this Circuit have rejected on summary judgment and then **converted into evidentiary objections** for a ruling.  *See, e.g., Taylor v. City of Gadsden*, 958 F. Supp. 2d 1287, 1291 (N.D. Ala. 2013) ("[F]ederal courts often treat a party's motion to strike certain evidence as an objection to that evidence's admissibility," then "treat[ing] the plaintiffs' Motion to Strike as an objection under Rule 56(c)(2)"), aff'd, 767 F.3d 1124 (11th Cir. 2014); *Edmondson v. Caliente Resorts, LLC*, No. 8:15-CV-2672-T-23TBM, 2017 WL 8948389, at *4 (M.D. Fla. Apr. 7, 2017)("Initially, I agree with Plaintiffs that Defendants' motion to strike summary judgment evidence is procedurally improper.  In any event, I will consider the motion to the extent it presents Defendants' evidentiary objections and argument that the declarations are not properly supported by admissible evidence as required by Rule 56(c) of the Federal Rules of Civil Procedure.").

To that end, as the evidentiary objections are not a "motion" and are not properly presented as a motion under summary judgment-like procedures.  Therefore, a party does not need to "confer" prior to filing evidentiary objections no more than they would need to confer prior to objecting to evidence offered at an evidentiary hearing or trial.  Indeed, Defendants did not confer with Plaintiffs

---

[2] The filing of ECF No. 62 further serves judicial efficiency by isolating discrete evidentiary issues from the substantive arbitration arguments at issue in Plaintiffs' opposition to the motion to compel arbitration.

[3] "Plaintiffs object to the Declaration of Gibran Chapur Dajer, Exhibit A (sealed), as follows: ¶ 7, first sentence, calls for a legal opinion (Fed. R. Evid. 701, 702, 704); and ¶ 7, last sentence, and ¶ 19, second sentence, lack personal knowledge and call for expert opinion as to damages (Fed. R. Evid. 602, 701, 702). Plaintiffs object to the Declaration of Kevin Salgado, Exhibit B (sealed), as follows: ¶ 11, last sentence, lacks personal knowledge and foundation (Fed. R. Evid. 602, 901); ¶ 12 lacks personal knowledge and foundation and constitutes inadmissible hearsay (Fed. R. Evid. 602, 801, 802, 901); and ¶¶ 15–19 lack personal knowledge and constitute inadmissible hearsay (Fed. R. Evid. 602, 801, 802)."

before asserting evidentiary objections in their reply brief.  As such, Plaintiffs' omission of a Local Rule 7.1(a)(3) certificate of conferral, which would be inapplicable here, does not constitute grounds to strike Plaintiffs' evidentiary objections.

Third, ECF No. 62 does not prejudice Defendants. Defendants have had an opportunity to respond to the objections through two briefs: their reply brief and their motion to strike.

Finally, striking Plaintiffs' evidentiary objections would cause prejudice to Plaintiffs, depriving Plaintiffs from asserting valid evidentiary objections on procedural grounds where, *at minimum*, ambiguity exists as to whether such evidentiary objections can be asserted as a separate filing. Accordingly, to the extent the Court finds that the instant evidentiary objections would more properly have been asserted in Plaintiffs' underlying Opposition to the Motion to Compel Arbitration, filed on the same date, the Court should deny the instant motion to strike as it would elevate form over substance in an area where the Court has discretion, and cause prejudice to Plaintiffs-only, depriving them of preserving legitimate evidentiary objections.

For the foregoing reasons Defendants' Motion to Strike should be denied.

### B.      Defendants' Evidentiary Objections

Defendants argue at length regarding Plaintiffs' evidentiary objections.

Nevertheless, Plaintiffs' objections must be sustained.  As an initial matter, Defendants' quote extensively from the declarations that the Court has permitted to be filed and were filed under seal, in violation of the Court's sealing order.  Defendants requested to file the declarations under seal over Plaintiffs' objection and now violate the very sealing order they sought to obtain.

#### 1.      Chapur Declaration

Paragraph 7, first sentence: This statement calls for legal opinion by describing the conduct of the Akeos as fraudulent. Fed. R. Evid. 701, 702, 704.  Just as it would be a legal opinion to describe the conduct of a defendant as negligent, it is a legal opinion to describe the conduct of the plaintiff as

fraudulent. *Jay v. Royal Caribbean Cruises Ltd.*, 608 F. Supp. 3d 1249, 1254 (S.D. Fla. 2022) ("opinions regarding ultimate legal conclusions" are inadmissible, citing cases, including 11th Circuit cases).

It also states that the Akeos' disputes were false, but offers no basis for that assertion. They successfully sought refunds from the credit card companies on the basis that Palace didn't provide its end of the bargain. It is undisputed that **four credit card companies agreed**. ECF No. 64-1, Decl. of C. Akeo at ¶ 11.

Paragraph 7, last sentence and Paragraph 19, second sentence regarding the amount of damages: These valuations are a grossly inflated number for which he lacks personal knowledge and which require an expert opinion. It is undisputed that the only liquidated amount of damages that was in dispute was $116,587.84 – the amount refunded by the credit card companies. *Id.* The grossly exaggerated amount stated by Chapur is a claim for unliquidated reputational damages based on Christy Akeo's exercise of free speech rights on Facebook. An expert is required to calculate complex financial goodwill calculations for corporate entities. Furthermore, as for the personal knowledge and lay testimony, Chapur has not established his foundation for his calculations. Which documents did he review to reach his damages figure? What evidentiary basis did he have to connect the chargeback figure to Plaintiffs' conduct? Which customers does he claim the Akeos' conduct caused Palace to get chargebacks? Chapur's number is conclusory and without support.

### 2. Declaration of Kevin Salgado, Exhibit B (sealed):

Paragraph 11, last sentence and Paragraph 12: Mr. Salgado lacks personal knowledge to testify to the conduct of a public prosecutor, just as an alleged crime victim in the United States lacks personal knowledge to testify to the internal conduct of a District Attorney's office or United States Attorney's office. To the extent his statement is based on statements from the public prosecutors as to who-did-what-when, then it is based on inadmissible hearsay. As for efforts of the public prosecutors to locate the Akeos, Mr. Salgado identifies no basis for his assertion, let alone personal knowledge. And it is

worth noting that the Defendants had the Akeos' email address, phone number, and residential address the entire time. Why didn't the Defendants give the information to the public prosecutors if they were present at the hearing? In any case, Mr. Salgado does not testify he was present at the hearing or was part of the public prosecutors' office or investigation – which, if he did, would be highly suspicious of corruption.

Paragraphs 15 to Paragraph 19. These paragraphs relate to a hearing that Mr. Salgado himself never avers he attended. In the second sentence of Paragraph 15, he also admits his statements are based on inadmissible hearsay from Mr. Urtecho or other documents cited therein. Each of the documents cited in these paragraphs is inadmissible hearsay. Thus, these paragraphs are objectionable on the basis he lacks personal knowledge to describe the facts therein and his basis for the statements are inadmissible hearsay from Mr. Urtecho. Defendants' claim that Mr. Urtecho's own declaration "corroborated" these statements is irrelevant—assuming Mr. Urtecho did corroborate these facts, that just means that Mr. Urtecho is the proper witness for Palace to seek admission of this evidence, not Mr. Salgado. Similarly Defendants' claim that Mr. Salgado can testify that the Akeos had an opportunity to avail themselves of due process and took it lacks any foundation. The claim is preposterous on its face: Mr. Salgado has no personal knowledge of what opportunities were made available to the Akeos – who were imprisoned in Mexico maximum security prison for over a month. Mr. Salgado saw the Akeos for at most an hour or two during that entire time period. He has no basis to state any facts related to the opportunities available to the Akeos at any point of time. The Akeos themselves never had any such opportunities. And the Akeos' representatives and children had no such opportunity until President Trump himself intervened later during their detention and Special Envoy Boehler sought the release of the Akeos from their wrongful detention. Finally, Mr. Salgado is not an expert witness, but, rather, Palace's counsel. Thus, he cannot offer expert opinions about the Mexico criminal process.

**III.    CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants'

Motion to Strike Plaintiff's Evidentiary Objections.

Dated: May 26, 2026

Respectfully submitted,

*/s/ Peter Kaufman*
PETER KAUFMAN (Florida Bar No. 548421)
pkaufman@panish.law
JESSE CREED (admitted pro hac vice)
jcreed@panish.law
HUNTER NORTON (admitted pro hac vice)
hnorton@panish.law
PANISH SHEA RAVIPUDI LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
(310) 477-1700

JOHN C. MANLY (admitted pro hac vice)
jmanly@manlystewart.com
MANLY, STEWART & FINALDI
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
(949) 252-9990

JENNIFER D. BENNETT (admitted pro hac vice)
HANNAH M. KIESCHNICK (pro hac vice
pending)
jennifer@guptawessler.com
GUPTA WESSLER LLP
235 Montgomery Street, Suite 629
San Francisco, CA 94104
(415) 573-0336

Attorneys for Plaintiffs Paul Akeo and Christy Akeo

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 26, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a copy on all counsel of record.

/s/ Peter Kaufman
PETER KAUFMAN