**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:25-cv-23733-ALTMAN

PAUL AKEO and CHRISTY AKEO,
     Plaintiffs,

     v.

PR GLOBAL RESERVATIONS, LLC,
PALACE ELITE RESORTS S.A. de C.V., a Mexican
corporation, JOSE GIBRAN CHAPUR DAJER,
CHDB HOLDINGS, S.A. de C.V., CONTROLADORA
IHC, S.A.P.I de C.V., and OPERADORA PALACE
RESORTS JA LTD.,

     Defendants.
_____/

## PLAINTIFFS' MOTION TO STRIKE REPLY DECLARATIONS SUBMITTED BY DEFENDANTS OR, ALTERNATIVELY, FOR LEAVE TO FILE A SUR-REPLY AND EVIDENTIARY OBJECTIONS WITH LEAVE FOR PLAINTIFFS TO DISCLOSE REPLY DECLARATIONS TO RELEVANT WITNESSES

Plaintiffs Paul Akeo and Christy Akeo ("Plaintiffs") respectfully move the Court under *Atlantic Specialty Insurance Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896 (11th Cir. 2019) for an order: (1) striking the new declarations submitted by Defendants with their Reply in Support of Motion to Compel Arbitration and Stay (ECF No. 87)—namely the Second Declaration of Kevin Ramón Salgado Quiroz (ECF No. 87-1), the Second Declaration of José Gibrán Chapur Dájer (ECF No. 87-2), and the Second Declaration of Pablo Hernández-Romo Valencia (ECF No. 87-3) (collectively, the "Reply Declarations"); or (2) in the alternative, granting Plaintiffs leave to file a sur-reply and evidentiary objections to the new factual matter introduced for the first time in the Reply Declarations, and granting Plaintiffs leave to disclose all declarations—including those portions filed under seal—to relevant witnesses for the purpose of preparing a sur-reply.

## I.      INTRODUCTION

Along with their reply, Defendants filed three new declarations: a "Second Declaration" from Palace's Mexican criminal counsel Kevin Ramón Salgado Quiroz, a "Second Declaration" from Palace CEO José Gibrán Chapur Dájer, and a "Second Declaration" from Defendants' retained Mexican-law expert Pablo Hernández-Romo Valencia. Two of those declarations were filed entirely under seal. None of them was offered in support of Defendants' opening motion. They range from introducing for the first time new factual narratives about the Mexican criminal proceeding, the negotiation of the Non-Disparagement Agreement, the conduct of the Mexican criminal court and prosecutor's office, the alleged ratification of the agreement, and the contested interpretation of Mexican criminal law.

The Eleventh Circuit has held that a district court "has two permissible courses of action" when faced with a reply brief that offers new evidence: "(1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new material contained in the reply brief." *Atlantic Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901–02 (11th Cir. 2019). The court "may not" do both—consider the new material and deny the non-movant any opportunity to respond. *Id.* Doing so is an abuse of discretion. *Id.* at 902.

Defendants' attempt to rely on new evidence is in the same procedural posture the Southern District of Florida confronted in *Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard B.V.*, 2020 WL 5627263 (S.D. Fla. June 8, 2020), where the court, faced with a motion to strike a new declaration and new exhibits submitted with a reply in support of a motion to compel arbitration, applied *Atlantic Specialty* and granted the motion to strike—electing not to consider the newly raised reply evidence at all rather than sanction a brief-and-counter-brief arms race. The Court should follow the same path here.

If the Court declines to strike, the alternative remedy required by *Atlantic Specialty* is straightforward: leave to file a sur-reply and evidentiary objections. Plaintiffs are prepared to file such

documents within 14 days. In addition, Plaintiffs respectfully request that the Court authorize disclosure of the Reply Declarations—including those filed under seal—to relevantwitnesses for the purpose of preparing the sur-reply.

## II.     BACKGROUND

### A.     <u>Defendants' Original Motion and Supporting Declarations.</u>

On March 30, 2026, Defendants moved to compel arbitration and stay this action. ECF No. 52. The motion was supported by three declarations: (1) the declaration of Vladimir Ortiz García (ECF No. 52-3), addressing Defendants' monitoring of Plaintiffs' social-media activity; (2) the declaration of José Gibrán Chapur Dájer, purporting to address the criminal complaint and the negotiation of the Mutual Release and Non-Disparagement Agreement (the "NDA"); and (3) the declaration of Mexican criminal counsel Kevin Ramón Salgado Quiroz. These were Defendants' affirmative case-in-chief for compelling arbitration.

### B.     <u>Plaintiffs' Opposition.</u>

On April 27, 2026, Plaintiffs filed their Opposition (ECF No. 64), supported by their own declarations and counsel's declarations attaching the arbitration record. Plaintiffs argued that the arbitration agreement as well as the delegation clause were procured under duress while Plaintiffs were imprisoned in a Mexican maximum-security facility; that the duress challenge is for the Court rather than the arbitrator; that the non-signatory Defendants cannot enforce the arbitration clause; and that, at minimum, Plaintiffs are entitled to a jury trial on the making of the arbitration agreement and the delegation clause. *See* ECF No. 64.

### C.     <u>Defendants' Reply and New Declarations.</u>

On May 18, 2026, Defendants filed their Reply (ECF No. 87). The Reply was supported by three new declarations—none of which had been included with the opening motion:

(a)     The Second Declaration of Kevin Ramón Salgado Quiroz (ECF No. 87-1, filed under seal), introducing new factual assertions about, *inter alia*, the conduct of Mexican criminal counsel at the plea hearing; alleged statements made by Plaintiffs' Mexican counsel concerning translation arrangements; the Mexican prosecutor's purported independence; and the timing of the prosecution's request for reconsideration of pretrial detention. Reply at 5 (citing ¶ 5); 6 (citing ¶¶ 13–14, 17–19); 7 (citing ¶¶ 9–11).[1]

(b)     The Second Declaration of José Gibrán Chapur Dájer (ECF No. 87-2, filed under seal), introducing new factual assertions about the alleged "trigger" for Palace Elite's criminal complaint, and the criminal-process narrative on which the reply rests. Reply at 5 (citing ¶¶ 4–9); 7 n.10 (citing ¶ 25). [2]

(c)     The Second Declaration of Pablo Hernández-Romo Valencia (ECF No. 87-3), offering new "expert" opinions on Jose Gibran Chapu Daer's mental state, the facts leading up to the NDA, Mexican law regarding the "victim's pardon" mechanism, Article 73 of the Quintana Roo Criminal Code, and the alleged equivalence of victim's pardons and "negotiated commercial settlements." Reply at 6 (citing ¶¶ 7–12, 23–24).

Defendants rely heavily on these new declarations throughout the Reply—citing them in support of nearly every disputed factual proposition concerning the negotiation of the NDA, the conduct of the Mexican criminal proceeding, and the contours of Mexican criminal law. *See* ECF No. 87 at 4–7 & nn. 7, 10. Plaintiffs have had no opportunity to respond to any of this new evidence.

---

[1] The description of the declaration is based entirely on the reply brief in the public record.
[2] The description of the declaration is based entirely on the reply brief in the public record.

## III.   ARGUMENT

### A.   The Reply Declarations Should Be Stricken Because the Eleventh Circuit Forbids the Court from Considering Them Without Affording Plaintiffs a Meaningful Opportunity to Respond.

The Eleventh Circuit's rule on new reply evidence is unambiguous. "When faced with a reply brief that offers new evidence," the district court "has two permissible courses of action. It can either (1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new material contained in the reply brief." *Atlantic Specialty*, 793 F. App'x at 901–02. The court "may not preclude the nonmoving party from filing a surreply and then grant" the underlying motion "based on new material presented only in the reply brief." *Id.* at 902. "[A]n opposing party is entitled to a response, whatever it may be, if the court relies on new materials or arguments in a reply brief"; "if the court relies on new materials or arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials." *Id.* Doing otherwise is an abuse of discretion. *Id.*

Although *Atlantic Specialty* arose at summary judgment, the rule applies equally to motions to compel arbitration.[3] The Eleventh Circuit evaluates motions to compel arbitration under a summary-judgment-like standard. *See  Bazemore v. Jefferson Cap. Sys., LLC,* 827 F.3d 1325, 1333 (11th Cir. 2016)*; McDonald v. Grimsley*, 772 F. Supp. 3d 1306 (S.D. Ala. 2025) (in deciding a motion to compel arbitration, the court applies a summary-judgment-like standard and views all evidence in the light most favorable to the non-movant). District courts in this Circuit have therefore applied *Atlantic Specialty* directly to reply briefs filed in support of motions to compel arbitration. *Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard B.V.*, 2020 WL 5627263 (S.D. Fla. June 8, 2020).

---

[3] Defendants incorrectly claim their motion is solely a motion to stay the action under § 3 of the Federal Arbitration Act, but the first item of requested relief by Defendants' motion is an order compelling arbitration, which is a § 4 request.  Either way, both requests for relief are evaluated under a summary-judgment like standard and procedure.

*Northrop & Johnson* is directly on point. There, the movant filed a motion to compel arbitration and, on reply, submitted a new CEO declaration and new email exhibits. *Id.* The non-movant moved to strike the new declaration and exhibits, or alternatively for leave to file a sur-reply. Applying *Atlantic Specialty*, the court granted the motion to strike, declining to consider any of the newly-raised reply evidence because the non-movant "has not had the opportunity to respond." *Id.* That is the procedural twin of the situation before this Court. The Court should reach the same result.

### 1.   The Reply Declarations introduce new evidence.

The Reply Declarations introduce new evidence that under Eleventh Circuit law require their striking or the opportunity for a sur-reply.  The Reply Declarations advance affirmative factual and expert content that goes to the merits of the underlying question—whether Plaintiffs entered the NDA, and its arbitration and delegation clauses, free of duress.  For example, the Second Quiroz Declaration introduces, for the first time, factual assertions concerning the conduct of the plea hearing, the request to reconsider pretrial detention, and the activities of Plaintiffs' Mexican counsel at the hearing. ECF No. 87 at 5, 6, 7 (citing Quiroz ¶¶ 5, 8–11, 13–14, 17–19).[4] The Second Chapur Declaration introduces a new narrative concerning the "trigger" for the criminal complaint and the corporate decisionmaking around it. *Id.* at 5, 7 n.10 (citing Chapur ¶¶ 4–9, 25). And the Second Hernández-Romo Declaration offers new expert opinions about Mexican criminal procedure, the "victim's pardon" mechanism, and Article 73 of the Quintana Roo Criminal Code—none of which were in the original Hernández-Romo declaration on which Defendants opened their motion. *Id.* at 6 (citing ¶¶ 7–12, 23–24).

This is the very content that *Atlantic Specialty* and *Northrop & Johnson* treat as triggering the obligation to either permit a sur-reply or refrain from relying on the new material. *Atlantic Specialty*, 793 F. App'x at 901–02.

---

[4] All descriptions are based solely on the publicly-filed reply brief, not the underlying declarations.

### 2.      The proper remedy is to strike.

Under *Atlantic Specialty*, the Court has discretion to choose between two remedies—permit a sur-reply or refrain from relying on the new material. *Id.* Striking is the cleaner course here. The new content is significant in scope (touching nearly every contested factual issue) and has been submitted in part under seal, complicating the rebuttal exercise. Allowing a sur-reply on each new factual point risks the "endless volley of briefs" that the Eleventh Circuit's surreply doctrine is designed to discourage. *See Ruiz v. Sewon Am., Inc.*, 766 F. Supp. 3d 1251 (N.D. Ga. 2025) ("to allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs"). The cleaner approach—and the one selected by the court in *Northrop & Johnson* on materially identical facts—is to strike. *Northrop & Johnson*, 2020 WL 5627263.

Defendants remain free to rely on the declarations they filed with their opening motion. What they may not do is hold back material until reply, deprive Plaintiffs of any opportunity to respond, and ask the Court to make merits findings on a one-sided record. *Atlantic Specialty* forecloses that result.

### B.      <u>In the Alternative, the Court Should Grant Plaintiffs Leave to File a Sur-Reply, Evidentiary Objections to the Reply Declarations, and Responsive Counter-Declarations.</u>

If the Court elects not to strike, *Atlantic Specialty* requires that Plaintiffs be permitted to respond. 793 F. App'x at 901–02 ("[A]n opposing party is entitled to a response, whatever it may be, if the court relies on new materials or arguments in a reply brief."); *id.* ("if the court relies on new materials or arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials.").

Finally, Plaintiffs plan to object to much of the evidence in the Reply Declarations. Salgado lacks personal knowledge or foundation to speak to the workings of the Public Prosecutor's office and sets forth numerous hearsay statements (or his belief based on hearsay statements). The Chapur

Declaration also contains numerous statements for which he lacks personal knowledge and are based on his beliefs based on hearsay statements.

Plaintiffs further request that, if leave is granted, the Court set a sur-reply page limit of ten (10) pages and afford Plaintiffs no less than fourteen (14) days from the date of any order granting leave to file the sur-reply and counter-declarations, given the need to consult with witnesses and obtain expert affidavits responding to the new expert opinions.

**C.** **The Court Should Grant Plaintiffs Leave to Disclose the Reply Declarations to Relevant Witnesses for the Purpose of a Sur-Reply.**

Defendants' Declarations— including the Second Quiroz Declaration (ECF No. 87-1) and the Second Chapur Declaration (ECF No. 87-2)—are filed under seal. Without authorization from this Court, Plaintiffs' counsel cannot effectively consult with relevant fact witnesses whose declarations would respond to the new factual assertions therein. That practical reality is itself a reason to strike under *Atlantic Specialty*: if Plaintiffs cannot meaningfully respond, the Court "may not" rely on the new material. 793 F. App'x at 901–02.

To preserve Plaintiffs' alternative right to respond if the Court permits a sur-reply rather than strikes, Plaintiffs respectfully request leave to disclose any declarations (including the sealed Quiroz and Chapur Declarations) to any relevant fact witnesses on the condition such persons to whom disclosure is made agree to keep the declarations confidential.

Without such leave, Plaintiffs would be required to forgo a meaningful response, prejudicing Plaintiffs in a way that is incompatible with the procedural fairness *Atlantic Specialty* guarantees. 793 F. App'x at 902 ("An opposing party is entitled to a response, whatever it may be, if the court relies on new materials or arguments in a reply brief.").

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an order: (1) striking the Reply Declarations (ECF Nos. 87-1, 87-2, and 87-3) and holding that none of the material contained therein will be considered in resolving Defendants' Motion to Compel Arbitration and Stay (ECF No. 52); or (2) in the alternative, granting Plaintiffs leave to file a sur-reply, of not less than ten (10) pages and within fourteen (14) days, accompanied by evidentiary objections and granting Plaintiffs leave to disclose any declarations (including those filed under seal) to relevant fact witnesses for the purpose of preparing the sur-reply.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certifies that, prior to filing this Motion, counsel for Plaintiffs conferred with counsel for Defendants in a good-faith effort to resolve the issues raised in this Motion. Counsel for Defendants oppose this Motion. Plaintiffs file this Motion because the matter could not be resolved by agreement.

Dated: May 26, 2026

Respectfully submitted,

/s/ Peter Kaufman
PETER KAUFMAN (Florida Bar No. 548421)
pkaufman@panish.law
JESSE CREED (admitted pro hac vice)
jcreed@panish.law
HUNTER NORTON (admitted pro hac vice)
hnorton@panish.law
PANISH SHEA RAVIPUDI LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
(310) 477-1700

JOHN C. MANLY (admitted pro hac vice)
jmanly@manlystewart.com
MANLY, STEWART & FINALDI

19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
(949) 252-9990

JENNIFER D. BENNETT (admitted pro hac vice)
HANNAH M. KIESCHNICK (pro hac vice
pending)
jennifer@guptawessler.com
GUPTA WESSLER LLP
235 Montgomery Street, Suite 629
San Francisco, CA 94104
(415) 573-0336

Attorneys for Plaintiffs Paul Akeo and Christy Akeo

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 26, 2026, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system, which will serve a copy on all counsel of

record.

*/s/ Peter Kaufman*
PETER KAUFMAN

10