UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23733-ALTMAN/Hernandez

PAUL AKEO, *et al.*,

 *Plaintiffs*,

*v.*

PALACE ELITE RESORTS, *et al.*

 *Defendants*.

_____/

## ORDER

Defendants Palace Elite Resorts ("Defendants") filed a Motion to Strike Plaintiffs' Objections to Evidence (the "Motion").[1]  [ECF No. 81].  Plaintiffs Paul and Christy Akeo ("Plaintiffs") responded, [ECF No. 93], and Defendants filed their reply, [ECF No. 101].  After careful review, we **DENY** the Motion.

## BACKGROUND

On March 30, 2026, Defendants moved to compel arbitration and stay the case (the "Arbitration Motion").  [ECF No. 52].  To support the Arbitration Motion, Defendants attached affidavits from José Gibrán Chapur Dájer, [ECF Nos. 52-1], and Kevin Ramón Salgado Quiroz, [ECF No. 52-2].  On April 27, 2026, Plaintiffs filed their response in opposition (the "Arbitration Response"), [ECF No. 64], and a half-page document separately addressing the affidavits titled: "Plaintiffs' Objections to Evidence Submitted by Defendants in Relation to Their Motion to Compel" (the "Challenged Filing"), [ECF No. 62].  On May 18, 2026, Defendants filed a reply in support of the Arbitration Motion (the "Arbitration Reply"), which did not address Plaintiffs' evidentiary objections to the affidavits.  [ECF No. 87].  Instead, a week earlier, Defendants filed the instant Motion,

---

[1] The Honorable Roy K. Altman referred the matter to us for disposition [ECF No. 84].

appending Defendants' substantive responses to the Challenged Filing while asking the Court to strike it from the docket altogether.  [ECF No. 81].  Plaintiffs responded, [ECF No. 93], and Defendants replied, [ECF No. 101].

Defendants urge the Court to strike the Challenged Filing under its "inherent authority to manage its docket and to strike improper filings."  [ECF No. 81 at 2–3].  They say the filing is an unauthorized free-standing document and an attempt by Plaintiffs to sidestep applicable page limits for their Arbitration Response.  *Id.* at 3.  They add that the Challenged Filing's ambiguous status, constituting neither motion nor response, prejudiced them from forming a response.  *Id.* at 3–4.  Plaintiffs counter that, because motions to compel arbitration are evaluated under a summary judgment-like rubric and summary judgment motions may include separately filed evidentiary objections, the Challenged Filing is proper.  [ECF No. 93 at 1–3].

Courts have inherent authority to manage their dockets.  This power, however, is not a vehicle for parties to respond to their opponent's challenges or strike filings.  Thus, we deny the Motion.  We do not address the evidentiary objections because they are separate from the question in the Motion, which is whether the Challenged Filing should stand.

### DISCUSSION

Federal Rule of Civil Procedure 12(f) empowers a court to strike from a pleading—whether on its own or upon a party's motion—"an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f)(1)–(2).  Although styled as a motion to strike, the Motion does not rely on Rule 12(f) for its requested relief.  Nor can it, because Rule 12(f) governs motions to strike pleadings and portions of pleadings, *see Polite v. Dougherty Cnty. Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008), and the Challenged Filing is not a pleading, *see Silva v. Swift*, 333 F.R.D. 245, 248 (N.D. Fla. 2019); Fed. R. Civ. P. 7(a).  Instead, Defendants rely on the court's inherent authority to manage its docket.  [ECF No. 81 at 2–3].

A court has inherent powers that are not governed by rule or statute.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  These "implied powers must necessarily result to our Courts of justice from the nature of their institution," and include the "power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."  *Id.*  But, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  *Id.* at 44.

In urging the Court to exercise its inherent authority, Defendants raise three objections to the Challenged Filing.  None persuade.

*First*, Defendants argue the Challenged Filing is procedurally improper because neither the Federal Rules of Civil Procedure nor the Court's Local Rules permit "free-standing evidentiary objections."  [ECF No. 81 at 3].  This is generally true, with one caveat: summary judgment motions do allow for a "separate and contemporaneously filed and served Statement of Material Facts," to which an opponent must respond with his own Statement of Material Facts.  S.D. Fla. L.R. 56.1(a)(1)–(2).  This responsive Statement of Material Facts must "clearly challenge any purportedly material fact asserted by the movant that the opponent contends is genuinely in dispute."  S.D. Fla. L.R. 56.1(a)(2).  We highlight this exception, not because we agree with Plaintiffs' contention that motions for arbitration should be governed by summary judgment procedural rules, but because it informs our assessment of Plaintiffs' good faith.[2]  Moreover, Defendants supply no case to suggest a misfiling based on a potential misunderstanding of a procedural rule warrants exercise of a court's inherent authority.

*Second*, Defendants argue that, even if we construe the Challenged Filing as an extension of Plaintiffs' Response, the half-page it adds pushes the Arbitration Response past the allowed page limit.

---

[2] In the sanctions context, courts must find that a party acted in bad faith before exercising its inherent powers. *ByoPlanet Int'l, LLC v. Johansson*, 792 F. Supp. 3d 1341, 1352 (S.D. Fla. 2025).  Although this is not a motion for sanctions, the Motion implicates the Court's inherent powers.  Good faith is therefore relevant, though not dispositive.

But Defendants have provided no case in which a court has granted a motion to strike based on page limits.  Certainly, a court may disregard excess pages.  *See e.g.*, *Sides v. Simmons*, No. 07-80347-CIV, 2008 WL 11412070, at *1 n.1 (S.D. Fla. Aug. 12, 2008) (disregarding additional page in defendant's reply brief); *Innovative Hearth Prods., LLC v. N. Am. Elite Ins. Co.*, No. 3:22-CV-00369-AKK, 2022 WL 2307740, at *1 n.1 (N.D. Ala. June 27, 2022) (in lieu of striking oversize brief, a "drastic remed[y,]" opting to "stop reading it at page five, where it should have ended" (internal quotation marks omitted)).  But that is a different matter from striking a filing.  Moreover, we note that while including the half-page would have indeed put Plaintiffs over the applicable 20-page limit, a duplicate paragraph in the Arbitration Response, [ECF No. 64 at 13–14[3]], if deleted, may have partly compensated for the excess.  Separately, the page-limit argument presents some difficulties for Defendants.  Their Arbitration Reply is exactly ten pages—the maximum for a reply per Local Rule 7.1(c)(2)—and does not mention the evidentiary issues raised in the Challenged Filing.  *See* [ECF No. 87].  Instead, Defendants dedicate five of the instant Motion's eight pages to those issues.  [ECF No. 81 at 4–8]. Undoubtedly, Defendants do not consider this an improper end-run around the page limits set by the Local Rules.  And yet, these are five pages they are *not* deducting from their Arbitration Reply.

*Third*, Defendants say that the Challenged Filing's procedural ambiguity prejudiced their ability to respond.  This claim is unavailing given Defendants *did* respond.  *See id.*; [ECF No. 101 at 4–6]. Still, they argue that the uncertainty over where to address the evidentiary challenges prejudiced them. Despite this professed uncertainty, Defendants chose not to address the evidentiary challenges in their Arbitration Reply and, instead, dedicated the bulk of the Motion to the substance of the Challenged Filing.  [ECF No. 81 at 3–4 (strike analysis), 4–8 (evidentiary analysis)].  And so, in a motion aimed at eliminating what they perceive as a "procedural detour," [ECF No. 81 at 3], Defendants invite us to put the evidentiary objections on a wholly separate track, moving on its own timeline with its own

---

[3] Record citations refer to the ECF page number, not the internal document number.

filings, uncoupled from the Motion to Compel.  We decline to do so.  Consequently, in denying the Motion, we do not reach the merits of the evidentiary objections it addresses.

We likewise do not reach Plaintiffs' contention that Federal Rule of Civil Procedure 56(c)(2) permits filings such as the Challenged Filing, [ECF No. 93 at 3], save to say this: While it is true that courts apply a summary judgment-like standard when deciding whether a trial is necessary to determine the existence of an arbitration agreement, *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016), that principle applies to the *substance* of an arbitration motion and does not necessarily mean that summary judgment *procedures* apply in the motion-to-compel-arbitration space. *See Rosen v. Service Corp. Int'l*, No. 11-62547-CIV, 2012 WL 370298, at *3 n.4 (S.D. Fla. Feb. 3, 2012) (declining to import a summary judgment procedure to a motion to compel arbitration because "[a]lthough the determination of whether a trial is warranted on the existence of arbitration agreement is akin to a summary-judgment proceeding, it does not actually involve a motion for summary judgment").

For the foregoing reasons, Defendants' Motion to Strike, [ECF No. 81], is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on June 5, 2026.

_____
**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc:    counsel of record

5